HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNA WILSON,

    Plaintiffs,

    v.

GEICO INDEMNITY COMPANY,

    Defendant.

CASE NO. C18-226 RAJ

ORDER

This matter comes before the Court on Plaintiff's Motion to Remand and Motion to Stay Briefing on Defendant's Motion for Summary Judgment ("Motion to Stay"). Dkt. ## 7, 14. Both motions are opposed. Dkt. ## 12, 18. Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons that follow, Plaintiff's Motion to Remand is **DENIED**. Dkt. # 7. Plaintiff's Motion to Stay Briefing on Defendant's Motion for Summary Judgment is **DENIED as moot.** Dkt. # 14.

## I. BACKGROUND

On January 23, 2018, Plaintiff Anna Wilson filed this action in King County Superior Court against Defendant Geico Indemnity Company. Dkt. # 1. Plaintiff's Complaint alleges that Defendant is in breach of contract by failing to pay claims made under personal injury protection ("PIP") benefits under an automobile insurance contract.

ORDER – 1

| | |
|---|---|
| 1 | Dkt. # 1-1.  Plaintiff's Complaint seeks damages for breach of contract, breach of the |
| 2 | duty to act in good faith, as well as claims under Washington's Insurance Fair Conduct |
| 3 | Act, RCW 48.30.015 ("IFCA") and Consumer Protection Act, RCW 19.86.090 ("CPA"). |
| 4 | *Id*.  Defendant then filed a Notice of Removal on February 12, 2018.  Dkt. # 1. |
| 5 | Defendant filed its Answer on February 28, 2018, but did include any counterclaims. |
| 6 | Dkt. # 6. |

## II. DISCUSSION

On March 1, 2018, Plaintiff filed a Motion to Remand this matter to Snohomish County Superior Court.  Dkt. # 7.  In this Motion, Plaintiff also requested attorney's fees.  *Id*. at 4-5.  Defendant opposes.  Dkt. # 12.

### A. The Court Denies Plaintiff's Motion to Remand

Plaintiff has moved to remand this action to state court, arguing that Defendant has not adequately established that the amount in controversy exceeds $75,000.  Defendant opposes on multiple grounds.[1]  For the reasons stated below, this Court **DENIES** Plaintiff's Motion to Remand.

Removal is proper where the district court would have original jurisdiction over the state court action.  *See* 28 U.S.C. § 1441(a).  Diversity jurisdiction under § 1332(a) grants original jurisdiction to a district court when there is both complete diversity of citizenship and an amount-in-controversy exceeding $75,000.  *See* 28 U.S.C. § 1332(a).  The party seeking the federal forum bears the burden of establishing that federal

---

[1] Defendant first moves that the Court strike Plaintiff's Motion for Remand because Plaintiff failed to meet and confer with Defendant prior to filing this Motion.  Defendant argues that Plaintiff failed to meet these requirements because the parties did not meet and confer in-person or telephonically.  Dkt. # 12 at 2-4.  This Court's Standing Order states that counsel contemplating the filing of a motion "shall first contact opposing counsel to discuss *thoroughly*, preferably in person, the *substance* of the contemplated motion *and any potential resolution*."  Dkt. # 3.  The Court and Federal and Local Rules have a meet-and-confer requirement to minimize waste of judicial time and resources on issues that could be resolved amongst the parties.  Plaintiff's counsel admits that he did not hold a meet-and-confer with Defendant before filing the Motion to Remand.  Dkt. # 16 at 1-2.  While the Court construes the meet-and-confer requirement strictly, striking a motion to remand because of a failure to discuss the issue of proper removal in person is not in keeping with the purpose of this type of requirement.

ORDER – 2

jurisdiction is met. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013). Federal courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

As there is no dispute that complete diversity exists between the parties, Plaintiff seeks remand on the basis that the amount-in-controversy requirement is not satisfied. Where the amount in controversy is not clear from plaintiff's complaint, the burden is on the defendant to establish that the amount-in-controversy meets the jurisdictional threshold by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996). However, in this Circuit, this standard applies only if the state court complaint does not specify the amount sought as damages; if the complaint filed in state court alleges damages in excess of the required federal jurisdictional amount, remand is warranted only if it appears to a "legal certainty" that the claim is actually for less than the jurisdictional minimum. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 n.8 (9th Cir. 2006). Although defendants may not merely rely upon their own conclusory statements to establish the amount in controversy, they may use the complaint as evidence, provided that the complaint is "made in good faith," and the plaintiff's recovery of the claim is a legal possibility. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (internal quotations omitted). Beyond the allegations in the pleadings, the defendant may also present and the Court may consider any additional "summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006).

Both parties agree that, as a baseline, Plaintiff requests actual damages under the policy of $37,783.74. Dkt. ## 1-1, 7, 12. In the Complaint, Plaintiff also specifically requests treble damages under the IFCA and the CPA. *See* Dkt. # 1-1 at 9, ¶ 4.2 ("By its conduct, GEICO is liable to plaintiff for enhanced damages including, without limitation,

ORDER – 3

treble damages as authorized by RCW 48.30.015 and RCW 19.86.090 and for her reasonable attorneys' fees and costs incurred in the prosecution in this action."). The IFCA "creates a private cause of action to a first-party claimant who has been unreasonably denied insurance coverage and provides for treble damages and an attorney fee award." *Rain v. Ameriprise Auto & Home Ins. Agency, Inc.*, No. C14-5088RJB, 2014 WL 1047244, at *3 (W.D. Wash. Mar. 18, 2014); *see also* RCW 48.30.015(2). As Defendant notes, should the Court apply the Plaintiff's request for treble damages under IFCA to the Plaintiff's requested relief of $37,783.74, this alone would raise the amount in controversy to $113,351.22, well above the $75,000 threshold. Dkt. # 2 at 2. The CPA also permits a treble damage award not to exceed $25,000. RCW 19.86.090.

Plaintiff argues that the prospect of receiving exemplary damages is too speculative to satisfy defendant's burden of establishing jurisdiction. Dkt. # 7 at 3-4. The Court disagrees. When plaintiffs request treble damages under the IFCA, as Plaintiff has here, this Court trebles the amount alleged to determine the amount in controversy. *See, e.g., Nw. Ry. Museum v. Indian Harbor Ins. Co.*, No. C17-1060JLR, 2017 WL 4466619, at *3 (W.D. Wash. Oct. 5, 2017) (denying remand when Plaintiff requested treble damages under IFCA and estimated damages under insurance policy were at a minimum of $25,000); *Lim v. Nat'l Gen, Ins. Co.*, No. C15-0383RSL, 2015 WL 12025326, at *2 (W.D. Wash. Apr. 30, 2015) (denying remand when plaintiff requested treble damages and actual damages of $50,000.00); *Egal v. Geico General Ins. Co.*, No. C14-1964RSM, 2015 WL 1632950, at *4 (W.D. Wash. Apr. 13, 2015) (applying the plaintiff's request for treble damages to the plaintiff's requested relief of policy limits of $50,000 and holding that the amount in controversy exceeded $150,000); *Rain*, 2014 WL 1047244, at *3 (denying remand when plaintiffs requested treble damages and defendants showed that plaintiffs' damages would be at least $41,000.00 before trebling); *see also Trujillo v. Allstate Ins. Co.*, No. C09-1056RSL, 2009 WL 2843348, at *1 (W.D. Wash. Aug. 31,

ORDER – 4

2009) ("In this case, plaintiffs have explicitly alleged that their damages exceed $31,000, and they have sought trebling of their damages [under IFCA and CPA]. Those amounts alone exceed $90,000 and exceed the jurisdictional threshold."). Plaintiff's direct request for an award of treble damages is sufficient to place this enhanced amount of money damages in controversy.[2]

Defendant has met its present burden and established that the amount in controversy exceeds $75,000. Accordingly, this Court has jurisdiction over this matter, and Plaintiff's Motion to Remand is **DENIED**.

### 1. Plaintiff's Request for Attorney's Fees is Denied

In the Motion to Remand, Plaintiff also requests attorneys' fees pursuant to 28 U.S.C. § 1447(c). Dkt. # 8. Following remand of a case upon unsuccessful removal, the court may, in its discretion, award attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. But "when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

Here, it was not objectively unreasonable for Defendant to seek removal. In fact, Defendant has shown, based on Plaintiff's alleged damages, that removal was proper. Plaintiffs' request for an award of fees, costs, and expenses pursuant to 28 U.S.C. § 1447(c) is thus denied.

### B. The Court Denies Plaintiff's Motion to Stay

On March 15, 2018, while the Motion for Remand was pending, Defendant filed a Motion for Summary Judgment. Dkt. # 10. On March 21, 2018, Plaintiff filed a Motion to Stay, arguing that the Court should disallow briefing on Defendant's Motion for

---

[2] Moreover, attorney's fees and exemplary damages can be included in the amount-in-controversy calculation. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). However, even without considering attorney's fees, the jurisdictional threshold amount is reached, so the Court need not reach this question.

ORDER – 5

Summary Judgment while the Motion for Remand was pending. Dkt. # 14. Nevertheless, both parties have submitted additional briefing on Defendant's Motion for Summary Judgment. Dkt. ## 24, 25, 26.

Accordingly, because the Court is denying Plaintiff's Motion for Remand, and because the parties have already submitted additional briefing on the Motion for Summary Judgment, the Court **DENIES** Plaintiff's Motion to Stay at Dkt. # 14 as moot.

### III.  CONCLUSION

For all the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand, including Plaintiff's request for attorneys' fees. Dkt. # 7. Plaintiff's Motion to Stay is **DENIED AS MOOT.** Dkt. # 14.

Dated this 26th day of July, 2018.

The Honorable Richard A. Jones
United States District Judge