1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNA WILSON,

        Plaintiff,

    v.

GEICO INDEMNITY COMPANY,

        Defendant.

CASE NO. C18-226 RAJ

ORDER

This matter comes before the Court on Defendant Geico Indemnity Company's ("Geico") Motion for Summary Judgment. Dkt. # 10. Plaintiff opposes, and Geico has filed a Reply. Dkt. ## 24, 26. Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons that follow, Geico's Motion for Summary Judgment is **DENIED**. Dkt. # 10.

## I.  BACKGROUND

For purposes of this motion, the Court construes the facts in the light most favorable to Plaintiffs, the non-moving party. Plaintiff was involved in a collision on August 11, 2016, in which she was an occupant of a driver insured by Geico. Dkt. # 1-1 at p. 2, ¶ 2.2. Plaintiff then submitted a claim for income continuation and medical

ORDER – 1

benefits to Geico for Personal Injury Protection ("PIP") benefits pursuant to the insured driver's insurance policy. Dkt. # 11-1.

Geico commenced an investigation of Plaintiff's claim. During this investigation, Geico contacted Plaintiff's employer and union and obtained Plaintiff's "HR file," payroll records, and other information. *See generally* Dkt. ## 11-11, 11-15, 11-16, 25-4, 25-5, 25-6, 25-7, 25-11 to 25-16, 25-19 to 25-24. Plaintiff gave a recorded statement to Geico and provided authorization for Geico to obtain her medical records. Dkt. # 25-1 at p. 11:17-25. Plaintiff also submitted to independent medical examinations on June 27, 2017, November 16, 2017, and November 20, 2017. Dkt. ## 11-10, 11-19, 11-20.

On December 13, 2017, Geico sent a letter to Plaintiff's counsel stating the following:

> According to John Wendt, M.D., "On Objective basis, the individual has reached maximum medical improvement. Again the effective date, we would expect it to have been normally one month after the accident." Therefore, we are suspending all medical payments for treatment which your client receives after 05/22/2017
>
> According to Dr. Douglas H. Peffer, "In summary, the claimant is capable of working and the wage loss and /or restrictions would not be result of the accident." Therefore, we are denying the lost wage claim.

Dkt. # 25-30. On December 14, 2017, Plaintiff filed a 20-day notice of potential lawsuit under Washington's Insurance Fair Conduct Act, RCW 48.30.015. Dkt. # 11-3, 11-4.

On December 29, 2017, Geico, now communicating through counsel, argued that Plaintiff's IFCA notice was "defective," and requested an "Examination Under Oath" ("EUO") pursuant to the insurance policy in January 2018. Dkt. # 11-3.

ORDER – 2

Specifically, Defendant's letter stated:

> As you are aware, GEICO has not denied your client's claim. Rather, there is a dispute about the amount of Personal Injury Protection benefits for which your client is entitled to recover.

> As you are aware, GEICO has determined that your client did not have any wage loss as a result of the above referenced loss. You and your client disagree with GEICO's determination.

> As such, GEICO wishes to conduct your client's examination under oath pursuant to the terms and conditions of the policy and Washington State statute.

*Id*. Geico also requested additional documents from Plaintiff, including (1) "income tax returns, evidence of income for the twelve months prior to the loss, and W-2 forms or other documents substantiating employment for the last two years"; (2) a list of "all costs, expenses and damages which your client is claiming"; and (3) a "listing of each and every employer for the past four years." *Id*. at 2.

Following several communications, on January 23, 2018, Plaintiff's counsel responded, claiming that Defendant's "material breaches and repudiation of the insurance contract relieve Ms. Wilson, as the non-breaching party, of further performance," and arguing that the commencement of litigation, with the promise of discovery, made Defendant's EUO and information requests moot. Dkt. # 11-8. On February 1, 2018, Defendant responded, claiming that Plaintiff has failed to comply with the policy by not appearing for an EUO, and again claimed that Defendant "has never denied coverage for this case." Dkt. # 11-9.

On January 23, 2018, Plaintiff Anna Wilson filed this action in King County Superior Court against Defendant Geico Indemnity Company. Dkt. # 1. Plaintiff's Complaint alleged that Geico is in breach of contract by failing to pay claims made under the insurance policy. Dkt. # 1-1. Plaintiff's Complaint seeks damages for breach of contract, breach of the duty to act in good faith, as well as claims under the IFCA and

ORDER – 3

1    Washington's Consumer Protection Act, RCW 19.86.090 ("CPA").  *Id.*  Defendant then

2    filed a Notice of Removal on February 12, 2018.  Dkt. # 1.  Defendant filed its Answer

3    on February 28, 2018.  Dkt. # 6.

4         Geico now moves for summary judgment on the basis that Plaintiff violated the

5    insurance policy's cooperation clause by not submitting to the EUO and providing

6    requested information.  Dkt. # 10.  Plaintiff opposes, and Defendants have filed a Reply.

7    Dkt. ## 24, 26.

## II.  LEGAL STANDARD

9         Summary judgment is appropriate if there is no genuine dispute as to any material

10   fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

11   56(a).  The moving party bears the initial burden of demonstrating the absence of a

12   genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

13   Where the moving party will have the burden of proof at trial, it must affirmatively

14   demonstrate that no reasonable trier of fact could find other than for the moving party.

15   *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  On an issue where

16   the nonmoving party will bear the burden of proof at trial, the moving party can prevail

17   merely by pointing out to the district court that there is an absence of evidence to support

18   the non-moving party's case.  *Celotex Corp.*, 477 U.S. at 325.  If the moving party meets

19   the initial burden, the opposing party must set forth specific facts showing that there is a

20   genuine issue of fact for trial in order to defeat the motion.  *Anderson v. Liberty Lobby,*

21   *Inc.*, 477 U.S. 242, 250 (1986).  The court must view the evidence in the light most

22   favorable to the nonmoving party and draw all reasonable inferences in that party's favor.

23   *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

24        However, the court need not, and will not, "scour the record in search of a genuine

25   issue of triable fact."  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also,*

26   *White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not

27

28   ORDER – 4

"speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

## III.  DISCUSSION

Geico claims that a provision of the insurance policy requires a claimant to submit to an EUO upon Geico's request:

> 13. EXAMINATION UNDER OATH
>
> The insured or any other person seeking coverage under this policy must submit to examination under oath by any person named by us when and as often as we may require.

Dkt. # 11-2, at p. 17, ¶ 13.  Geico also points to other provisions of the insurance policy that claim that "no action will lie against [GEICO] unless there has been full compliance with all the terms of the coverage." Dkt. # 11-2, at p. 21, ¶ 3.  Geico contends that Plaintiff's violation of these provisions means that her Complaint should be dismissed as a matter of law.

The Court first addresses what appears to be a key factual issue in dispute: whether Geico in fact denied Plaintiff coverage. Geico's counsel argued that Geico "never" denied Plaintiff coverage under the policy, and that Plaintiff's claim "was open when the request for the EUO was made." Dkt. ## 11-9; 26 at 5. Plaintiff counters by pointing to the December 13, 2017 letter from Geico where Geico stated that it was "denying the lost wage claim" and "suspending all medical payments for treatment which your client receives after 05/22/2017." Dkt. ## 25-30.  Geico responds by arguing that

ORDER – 5

1   this letter, despite its language, "did not deny coverage," and merely "stated its position

2   that the investigation did not support any further PIP benefits." Dkt. # 26 at 6.

3         The Court finds Geico's position less than compelling. Despite Geico's repeated

4   insistence that there has been no denial, the clear language of Geico December 13, 2017

5   letter suggests otherwise. The Court finds it difficult to see how this letter purportedly

6   "denying" coverage and "suspending" payments is not, in fact, a denial.[1] The Court

7   concludes that, at the very least, there exists a genuine issue of material fact as to whether

8   Geico's December 13, 2017 letter constitutes a "denial" of coverage under the insurance

9   policy. At the summary judgment stage, the Court will thus view this evidence in the

10  light most favorable to Plaintiff, the nonmoving party, and construe the December 13,

11  2017 letter as a denial of coverage.

12        **A.      Geico's Affirmative Defense of Noncooperation**

13        Geico moves for summary judgment on its affirmative defense that Plaintiff failed to

14  cooperate under the provisions of the insurance policy, and thus is ineligible for coverage. Dkt.

15  # 10 at 10. Under Washington law, an insured that breaches a cooperation clause may be

16  contractually barred from bringing suit under the policy. *Staples v. Allstate Ins. Co.*, 176 Wash.

17  2d 404, 295 P.3d 201, 205 (2013). The burden of proving noncooperation is on the insurer.

18  *Oregon Auto. Ins. Co. v. Salzberg*, 85 Wash.2d 372, 535 P.2d 816 (1975). To prevail on this

19  affirmative defense, an insurer must show three things: (1) the insured failed to "substantially

20  comply" with the terms of the cooperation clause; (2) the information at issue was material to the

21  circumstances giving rise to the insurer's liability, (3) the insurer suffered actual prejudiced as a

22

23  _____
    [1] The Court recognizes that, depending on the circumstances, this apparent denial of coverage
    may have the effect of discharging Plaintiff's duty to cooperate under the insurance policy. *See,*
24  *e.g, Kienle v. Flack*, 416 F.2d 693, 695 (9th Cir. 1969)("[T]he general rule is that an insurer is
    estopped from relying on breaches of the cooperation clause occurring after the insurer has
25  improperly denied coverage under the policy."); *Ass'n of Apartment Owners of Imperial Plaza v.*
    *Fireman's Fund Ins. Co.*, 939 F. Supp. 2d 1059, 1067 (D. Haw. 2013)("Plaintiff's decision not to
26  volunteer information after the denial letter does not rise to the level of conduct establishing a
    breach of the cooperation clause."). However, the parties have not briefed this issue, and the
27  Court is not prepared to rule on this issue based on the current record.

    ORDER – 6
28

result. *See Pilgrim v. State Farm Fire & Cas. Ins. Co.*, 89 Wash.App. 712, 950 P.2d 479, 483 (1997); *Tran v. State Farm Fire & Cas. Co.*, 136 Wash.2d 214, 961 P.2d 358, 363 (1998); *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 164 Wash.2d 411, 191 P.3d 866, 877 (2008).

### 1.    Substantial Cooperation

Most insurance policies contain cooperation clauses requiring the insured to cooperate with the insurer's handling of claims.  *Staples*, 176 Wash. 2d at 410 (citing Thomas V. Harris, Washington Insurance Law § 13.02, at 13–11, 13–12 (3d ed. 2010)).  Typically, an insured that "substantially and materially" breaches a cooperation clause is contractually barred from bringing suit under the policy if the insurer can show it has been actually prejudiced.  *Id*.  However, the burden of proving noncooperation is on the insurer.  *Salzberg*, 85 Wash.2d at 375–76.

Geico claims that Plaintiff's refusal in early 2018 to submit to Geico's EUO and information requests indicates that Plaintiff did not "substantially cooperate" with the insurance policy's cooperation clauses.  Geico primarily relies on the Washington Supreme Court's decision in *Tran v. State Farm Fire & Cas. Co.*, 136 Wash.2d 214, 961 P.2d 358, 363 (1998).  In *Tran*, the insured made a claim based on an alleged burglary, but then refused to cooperate with the insurer's investigation: he failed to provide documentation with his initial claim, delayed the investigation by months, refused to return phone calls, rejected requests for information regarding the allegedly stolen property and his financial records, provided the police and the insurer with different stories as to what occurred on the day of the burglary, and inexplicably withdrew his claim for some items that he initially indicated were stolen.  *Tran*, 961 P.2d at 361, 364.  The court found that, in these circumstances, "the possibility of fraud was distinct."  *Id*. at 365.

Based on the current record, the facts of this case are distinct from the "extreme" circumstances of *Tran*.  The insured in *Tran* effectively "stonewalled" his insurer during

ORDER – 7

its investigation, before the insurer could determine coverage. *Staples*, 176 Wash.2d at 420. Here, the record reflects that Plaintiff cooperated and provided requested information up to the point of Geico's apparent denial of coverage on December 13, 2017. The record indicates that Plaintiff provided documents from her employer, medical records, a recorded statement, and three independent medical examinations. Geico did not accuse Plaintiff of any lack of cooperation *prior* to the apparent denial of coverage on December 13, 2017. The only lack of cooperation Geico identifies is Plaintiff refusing to submit to an EUO and provide accompanying information in January 2018, *after* the denial of coverage. Dkt. # 10; *see also* Dkt. # 25-1 at p. 18:6-24. The Court thus cannot conclude as a matter of law that Plaintiff's actions evidence a lack of "substantial" cooperation, especially given Plaintiff's apparent full cooperation up to the point of Geico's denial.

### 2.    Materiality

If the action demanded under a cooperation clause is "not material to the investigation or handling of a claim, an insurer cannot demand it." *Staples*, 176 Wash.2d at 414. An action is material if it is "concerning a subject reasonably relevant and germane to the insurer's investigation as it was proceeding at the time it made the demand." *Pilgrim v. State Farm Fire & Cas.*, 89 Wash. App. 712, 720, 950 P.2d 479 (1997). An insurance company "should not have license to burden an insured with demands for items that are immaterial." *Tran*, 136 Wash.2d at 232. "If the insurer claims that it was deprived of the ability to investigate, it must show that the kind of evidence that was lost would have been material to its defense." *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.,* 164 Wash.2d 411, 430, 191 P.3d 866 (2008).

The Court finds little evidence in the record that would indicate whether or not the EUO and accompanying information requests were "material" to the investigation. Geico's Motion argues that "the evidence sought by GEICO was material to its

ORDER – 8

investigation of Plaintiff's PIP injury and wage loss claims," but gives no further factual details to support this conclusion. Dkt. # 10 at 14. Geico does not explain how the information sought would change Geico's ultimate decision on Plaintiff's claim for coverage. Geico does not explain what attempts it made to obtain the requested information from other sources. Geico was apparently in contact with one or more of Plaintiff's employers, had access to her medical records, and had the results of two independent medical examiners, and does not explain why this information was not sufficient to make a coverage determination. *See, e.g.*, Dkt. ## 11-10, 11-1 11-15, 11-16, 11-20, 25-4, 25-5, 25-6, 25-7, 25-11 to 25-16, 25-19 to 25-24. On the contrary, the fact that Geico requested an EUO and information two weeks after denying Plaintiff's claims indicates that this information was not "material" to that determination.

The Court thus believes there exists, at the very least, a genuine issue of material fact as to materiality of the EUO.

### 3. Prejudice

Even if the Court concludes that Plaintiff had not substantially complied with the policy and the information denied was material, the Court would still find that at this point, Defendant has failed to demonstrate prejudice. A claim of actual prejudice requires "affirmative proof of an advantage lost or disadvantage suffered as a result of the breach, which has an identifiable detrimental effect on the insurer's ability to evaluate or present its defenses to coverage or liability." *Staples*, 295 P.3d at 207 (quoting *Tran*, 961 P.2d at 365) (internal punctuation omitted). "The burden of showing the actual prejudice is on the insurer." *Id*. (citing *Oregon Auto. Ins. Co. v. Salzberg*, 85 Wash.2d 372, 535 P.2d 816, 819 (1975)). Moreover, "not every breach discharges performance" by the insurer. *Pilgrim*, 89 Wash. App. at 724–25, 950 P.2d 479. "Prejudice is an issue of fact that will seldom be established as a matter of law." *Id*. Therefore, prejudice will be

ORDER – 9

presumed only in "extreme cases." *Id.* (quoting *Pub. Util., Dist. No. 1 of Klickitat Cnty. v. Int'l Ins. Co.*, 124 Wash.2d 789, 881 P.2d 1020, 1029 (1994)).

Plaintiffs rely heavily on *Staples v. Allstate Ins. Co.*, 176 Wash.2d 404, 408–09, 295 P.3d 201 (2013), and the Court finds this case instructive.[2] In *Staples*, Allstate denied Staples' first party insurance claim after Staples failed to submit to an EUO. In Staples' appeal, Allstate contended that submission to an EUO was a condition precedent to its payment of benefits. *Staples*, 176 Wash.2d at 417, 295 P.3d 201. The Washington Supreme Court rejected Allstate's assertion, holding instead that "noncooperation does not absolve an insurer of liability unless the insurer was actually prejudiced." *Staples*, 176 Wash.2d at 417–18, 295 P.3d 201 (citing *Tran v. State Farm Fire & Cas. Co.*, 136 Wash.2d 214, 228, 961 P.2d 358 (1998)). As the Washington Supreme Court noted, the prejudice requirement "prevent[s] insurers from receiving windfalls at the expense of the public." *Staples*, 176 Wash.2d at 418, 295 P.3d 201; *accord Or. Auto. Ins. Co. v. Salzberg*, 85 Wash.2d 372, 377, 535 P.2d 816 (1975) (finding that genuine issue of material fact existed as to whether insurer was prejudiced by insured's breach of cooperation clause, and therefore precluded summary judgment).

Here, Geico presents no affirmative evidence of prejudice. Geico does not identify what advantage it lost as a result of Plaintiff refusal to appear at an EUO after an apparent denial of coverage. Geico's only attempt to clarify its claims of prejudice is an argument that Plaintiff's refusal "thwart[ed]" Geico's efforts "to resolve the conflicting evidence regarding her employment and the extent of her injuries," and thus "prevented

---

[2] The Court notes that Geico made no mention of *Staples* in its opening brief. Dkt. # 10. Moreover, one member of Geico's counsel, Rory W. Leid, was the same lawyer that unsuccessfully argued for Allstate before the Washington Supreme Court. *Staples*, 176 Wash.2d at 405. The Court finds it hard to believe that Geico's counsel was not aware of this highly persuasive and potentially binding Washington authority. The Court reminds Mr. Leid of his obligations under Washington Rule of Professional Conduct 3.3(a)(3) to disclose adverse "legal authority in the controlling jurisdiction known to the lawyer." The Court expects that both parties fulfill their duties of candor toward this Court, and warns Geico's counsel that failure to fulfill this duty may result in sanctions.

ORDER – 10

Geico from completing its investigation." Dkt. # 10 at 12-13. Geico apparently had no trouble resolving the "conflicting evidence" prior to denying coverage on December 13, 2017, and Geico does not provide evidence that the EUO or the accompanying information requests would have changed Geico's decision.[3] Even under *Tran*, the Court finds that Geico has failed to demonstrate prejudice in Geico's "ability to determine coverage." *Tran*, 136 Wash. 2d at 229.

The Court will thus not presume any prejudice, and Geico cannot will prejudice into existence by simply repeating its name. In order to prevail at summary judgment, Geico was required to provide "affirmative proof of an advantage lost or disadvantage suffered," and Geico failed to do so. As such, summary judgment is inappropriate.

## IV. CONCLUSION

For all the foregoing reasons, the Court **DENIES** Defendant's Motion for Summary Judgment. Dkt. # 10.

Dated this 15th day of August, 2018.

The Honorable Richard A. Jones
United States District Judge

---

[3] Plaintiff also contends that Geico can remedy any prejudice caused by Plaintiff's refusal to appear for an EUO through litigation discovery. Geico argues that Plaintiff cannot cure a failure to appear for an EUO by submitting to discovery in litigation. Dkt. # 10 at 15. However, neither party submits controlling authority on this point. Geico cites three cases that do not purport to address this issue. *Id*. (citing cases). Plaintiff does not cite any legal authority whatsoever for its position. Dkt. # 24 at 10. The Court thus declines to resolve the issue at this juncture.

ORDER – 11